IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ronny Neal Campbell, Jr., | ) | Civil Action No.: 6:12-cv-02659-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Ronny Neal Campbell, Jr., brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter for further administrative action.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income benefits on December 30, 2009, alleging a disability as of October 1, 2008. The applications were denied initially and on reconsideration. On September 30, 2010, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on April 28, 2011, and Plaintiff

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

appeared and testified.  A vocational expert also testified.  The ALJ issued a decision dated June 30,

2011, finding that Plaintiff was not disabled.  The ALJ's overall findings were as follows:

> 1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> 2.    The claimant has not engaged in substantial gainful activity since October 1, 2008, the alleged onset date (20 C.F.R 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> . . .
>
> 3.    The claimant has the following severe impairments: obstructive sleep apnea; hypertension; and disorders of the back (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> . . .
>
> 4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926).
>
> . . .
>
> 5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). Specifically, the claimant is able to lift and carry up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit 6 hours each in an 8-hour day.  However, the claimant can climb ladders ropes and scaffolds no more than occasionally.  He is limited to simple, routine, repetitive tasks with only occasional interaction with the public. Additionally, he has an increased need for supervision, as he must be read and be given directions.
>
> . . .
>
> 6.    The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).
>
> . . .

7.    The claimant was born on July 24, 1967, and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8.    The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969 and 416.969(a)).

. . .

11.    The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2008, through the date of this decision (20 C.F.R. 404.350(a)(5), 404.1520(g), and 416.920(g)).

Tr. 20–29.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on July 19, 2012.  On September 14, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 10, 11, 12, and the Magistrate Judge issued his Report and Recommendation ("R&R") on October 21, 2013, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 14.  The Commissioner filed timely objections to the R&R on November 7, 2013, Def.'s Objs., ECF No. 15, and Plaintiff replied on November 25, 2013, Pl.'s Reply, ECF No. 17.

### STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A).  "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

5

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter to the Commissioner for further administrative action. Specifically, the Magistrate Judge reports that the ALJ failed to perform an analysis under Listing 12.05C, which

concerns intellectual disabilities.[2]  In her objections, the Commissioner contends that the Magistrate Judge's recommendation is erroneous because Plaintiff never asserted "that he was mentally retarded either in his application or before the ALJ at the hearing, and the record does not contain a diagnosis that Plaintiff was mentally retarded." Def.'s Objs. 1.  She argues that Plaintiff bears the burden at Step Three of the sequential evaluation process, that Plaintiff never met the burden, and that the ALJ acted reasonably in not evaluating the specific listing for an intellectual disability. *Id.* at 1–2.  In response, Plaintiff maintains that he bears the burden to provide the evidence to support his application for benefits and that there is sufficient evidence in the record to suggest a reasonable probability that Plaintiff meets or equals Listing 12.05C.

After reviewing the record *de novo*, the Court finds the Magistrate Judge's recommendation to be proper.  As the Magistrate Judge noted, there is evidence in the record that he had a Full Scale IQ of 70 when he was a child and, in 2001, had Verbal and Full Scale IQ scores of 66 and 67, respectively. Tr. 219, 291–92.  Moreover, the ALJ found that Plaintiff had severe physical limitations, including hypertension and a back disorder. Tr. 20.  Accordingly, the Court finds, for the reasons reported by the Magistrate Judge, sufficient evidence exists to require a remand for the ALJ to perform an analysis as to whether Plaintiff's impairments meet or equal Listing 12.05C.[3] Remand is appropriate in order for the Commissioner to weigh the evidence accordingly.

_____

[2] The Social Security Administration substituted the term "intellectual disability" for the term "mental retardation" in an August 1, 2013 amendment to the regulations. 78 Fed. Reg. 46,499, 46,501 (Aug. 1, 2013).  As it did not affect the regulation substantively, the Court will use the new term.

[3] Listing 12.05 provides as follows, in pertinent part:

> [I]ntellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, the Commissioner's objections to the R&R, and applicable law.  For the foregoing reasons, the Court respectfully adopts and incorporates the R&R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 11, 2014

---

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . .

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . .